# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIN R. FLYNN,<br><br>   Plaintiff,<br><br>   v.<br><br>SIREN-BOOKSTRAND, INC.<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT** |

Erin R. Flynn, a/k/a Joyee Flynn and Flynn Eire ("Flynn"), by and through her attorneys, state as follows for her claims against Respondent Siren-BookStrand, Inc. ("Siren").

## PARTIES

1. Flynn is an individual and a citizen of the State of Nebraska, residing at 19706 Ewel Court, Plattsmouth, Nebraska 68048.

2. Siren is a corporation duly organized and existing under the laws of the State of Texas with its principal place of business at 2500 South Lamar Blvd, Austin, Texas, 78704.

## JURISDICTION AND VENUE

3. This action arises under the declaratory judgment laws of the United States, 28 U.S.C. §§ 2201-2202.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as Defendant may be found or transact affairs in this District, and the claims alleged arose and are continuing to occur within this District.

## ALLEGATIONS

6. Flynn is an author and began writing books of fiction in 2002.

7. On or about March 10, 2010, Flynn entered into contract with Siren for the first time.

8. The March 10, 2010, contract related to the publication of the book "Chameleon Wolf" and defined the term "Work" to which the contract related as the book "Chameleon Wolf" only.

9. Thereafter, Flynn entered into 88 additional contracts with Siren, for the publication of 88 additional, separate books of fiction.

10. Prior to the publication of each book, Siren and Flynn entered into a new contract, applicable to the publication of a single book of fiction defined as the "Work" in each contract.

11. Siren never published a book written by Flynn without first requiring that Flynn sign a new contract, listing the to-be-published book as the "Work" in that contract only.

12. Siren never referred to a previous book in any subsequent contract.

13. On or about June 1, 2013, Flynn submitted a manuscript for a book titled, "Gideon" to Siren for their review and possible publication.

14. On or about June 4, 2013, Siren's editor, Sarah Montrose ("Montrose"), required that the book "Gideon" be published under a different category than the category in which Flynn had submitted it.

15. On or about June 4, 2013, Flynn rejected Siren's offer to publish the book "Gideon" in an alternate category, and elected not to enter into a contract with Siren for the publication of the book "Gideon."

16. Flynn thereafter published the book "Gideon" through means other than Siren.

17. Flynn is currently selling copies of the book "Gideon" in electronic format only through the website Amazon.com, and will begin selling the book "Gideon," in electronic format and in paper format, through other means in the near future.

18. On or about June 30, 2013, Flynn submitted a manuscript for a book titled, "Trapped and Boiled" to Siren for their review and possible publication.

19. On or about July 3, 2013, Montrose rejected the manuscript as submitted.

20. Montrose informed Flynn that Siren would only publish the book "Trapped and Boiled" if Flynn made substantial changes to the manuscript.

21. On or about July 3, 2013, Flynn rejected Siren's offer to make substantial changes to the book "Trapped and Boiled" and elected not to enter into a contract with Siren for the publication of the book "Trapped and Boiled."

22. Flynn thereafter published the book "Trapped and Boiled" through means other than Siren without making any of the substantial changes required by Montrose.

23. Flynn is currently selling copies of the book "Trapped and Boiled" in electronic format only through the website Amazon.com, and will begin selling the book "Trapped and Boiled," in electronic format and in paper format, through other means in the near future.

24. Siren has never sent a proposed contract to Flynn for the book "Gideon," and Flynn has never entered into a contract with Siren for the publication of the book "Gideon."

25. Siren has never sent a proposed contract to Flynn for the book "Trapped and Boiled," and Flynn has never entered into a contract with Siren for the publication of the book "Trapped and Boiled."

26. There is no principal or major character in either "Gideon" or "Trapped and Boiled" that appears as a principal or major character in any other book previously written by Flynn and published by Siren.

27. There is no themes in either "Gideon" or "Trapped and Boiled" that appear as identical collective themes in any other book previously written by Flynn and published by Siren.

## PRAYER FOR RELIEF

WHEREFORE, Flynn respectfully requests a declaratory judgment of the Court as follows:

a. Declaring the rights, duties, and obligations, if any, of each of the parties to this action regarding Flynn's publication of the books "Gideon" and "Trapped and Boiled";

b. Declaring that Flynn had the right to publish the books "Gideon" and "Trapped and Boiled" by means other than Siren;

c. Declaring that Siren is not entitled to any proceeds or royalties from the sale of copies of "Gideon" and "Trapped and Boiled";

d. Declaring that Flynn is the sole owner of the copyright for "Gideon" and "Trapped and Boiled;"

e. Declaring that Flynn's publication of the books "Gideon" and "Trapped and Boiled" have no effect on royalty or other payments due to Flynn under any other contract between Flynn and Siren;

f. Declaring that Flynn may publish additional books through means other than Siren without interference by Siren;

g. Declaring that Flynn is entitled to recover reasonable attorney's fees and costs in bringing this action; and

h. Granting Flynn such other and further relief as the Court deems just and proper.

Dated this 5th day of September, 2013.

> ERIN R. FLYNN,  Plaintiff.
>
> BY:   HUSCH BLACKWELL LLP
> Gene Summerlin—NE  Bar No. 19611
> Christopher M. Bikus—NE Bar No. 20951
> 610 J Street, Suite 200
> Lincoln, NE 68508
> (402) 458-1500
> Gene.Summerlin@huschblackwell.com
> Chris.Bikus@huschblackwell.com
>
> BY:    /s/ Christopher M. Bikus