IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIN FLYNN,<br><br>              Plaintiff,<br><br>    vs.<br><br>SIREN-BOOKSTRAND, INC., DIANA DEBALKO,<br><br>             Defendants. | **4:13CV3160**<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff brought this action seeking an order from the court awarding damages under the Digital Millennium Copyright Act and equitable relief pertaining to her right to publish certain books through means other than Defendant Siren-Bookstrand, Inc. (Filing No. 7). Defendants oppose this action and have moved to compel arbitration of the dispute.

      At the heart of this dispute is whether the books Plaintiff seeks to publish are "sequels" to books Plaintiff previously published through Defendant Siren. If so, Defendant argues they are subject to its right of first refusal to publish pursuant to terms of a publishing contract between Flynn and Siren. An example of the contract, submitted by the plaintiff, contains an arbitration provision and Defendants argue this provision requires arbitration of the dispute now before the court. For her part, Flynn argues the books addressed in her declaratory judgment action are not sequels and are not bound by any previous contracts she entered into with Defendants.

      Assuming, without deciding, that any of the previous contracts apply to this action, the court would like the parties to provide their respective positions on how, if at all, Section XXVIII(C) of these contracts applies to the plaintiff's request for a declaratory judgment action in this case. That section apparently preserves both the

author's and publisher's rights to seek equitable relief in federal or state courts in Texas, as follows:

> Notwithstanding the foregoing, nothing in this contract shall be deemed to deprive AUTHOR or PUBLISHER of the right to equitable relief in a court of competent jurisdiction respecting rights to its intellectual property or use thereof under this contract. Any proceeding under this paragraph shall be brought in the federal or state courts in Texas . A judgment may be entered in a court of competent jurisdiction based on any award rendered in arbitration or other proceeding conducted by AUTHOR and PUBLISHER pursuant to this paragraph.

(Filing No. 9-1, p. 17).

The parties shall provide their respective supplemental briefs on this issue by February 14, 2014. No reply briefs will be allowed absent leave of the court.

Dated this 5th day of February, 2014.

                BY THE COURT:

                *s/ Cheryl R. Zwart*
                United States Magistrate Judge